**TANNER & ORTEGA, L.L.P.**
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

HOWARD E. TANNER*
HUGO G. ORTEGA
*MEMBER OF N.Y., N.J. AND D.C. BAR

| | |
|---|---|
| **NEW YORK CITY OFFICE** | **WHITE PLAINS OFFICE** |
| 299 BROADWAY | 175 MAIN STREET |
| SUITE 1700 | SUITE 800 |
| NEW YORK, NY 10007 | WHITE PLAINS, NY 10601 |
| OFFICE: (212) 962-1333 | OFFICE: (914) 358-5998 |
| FAX: (212) 962-1778 | FAX: (914) 761-0995 |

August 31, 2020

Honorable Cathy Seibel
United State District Judge
United States District Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

BY ECF AND EMAIL/PDF

      Re:    *USA v. Nicholas Dixon*, **19 Cr. 375 (CS)**
            **Motion for Telephonic Sentencing Hearing**

      I am appointed to represent the defendant, Nicholas Dixon, who is scheduled to be sentenced by this Court on Thursday, September 10, 2020 at 11:00 am. For the reason detailed herein, my client wishes to waive his physical appearance and to have the sentencing hearing conducted on video or telephonically.[1]

      On May 7, 2020, the defendant pleaded guilty before Your Honor to a single count Felony Information, Receipt of a Stolen Vehicle pursuant to 18 USC §2313 and 2. Due to the Covid-19 Pandemic and with written waiver, allocution, and appropriate finding, the defendant's appearance and his guilty plea was accepted telephonically by the Court. Similar conditions exist today, albeit with a significant spike in Corona Virus infections in the State of Florida[2] in July and August, and specifically in South Florida, where the defendant resides. This case has been pending against Mr. Dixon for almost two years and he has been compliant with all conditions of pretrial release. Probation has found him to be a good candidate for voluntary surrender, should the Court deem that appropriate. (ECF Doc No. 268, Addendum, p. 26). Mr. Dixon wishes to proceed without delay to accept his sentence, achieve closure and move on from this terrible period of his life.

      Pursuant to §15002(b)(2)(A) of the CARES Act, guilty pleas and sentencings may proceed by video or telephone: first, if the chief judge of the district "specifically finds . . . that

---

[1] The defendant has executed a written waiver of his physical appearance for the scheduled sentencing hearing, attached hereto.

[2] https://experience.arcgis.com/experience/96dd742462124fa0b38ddedb9b25e429

felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety".[3] And second, if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice…"

Due to the foregoing and with consent of the Government, I write to the Court to request a finding that the defendant's sentence "cannot be further delayed without serious harm to the interests of justice", and that the Sentencing Hearing may therefore proceed by video or telephone, as scheduled.

Thank you, Your Honor, for your consideration of this matter.

> The plea could not be delayed without serious harm to the interests of justice because a trial date was looming. But I am not at all sure that I can make the necessary finding with respect to the sentencing. Obviously it does not make sense for Defendant to take the risk of traveling now, or to have to quarantine for 14 days upon arrival in New York, so an in-person sentencing now is off the table. But I need a reason why it would do serious harm to the interests of justice to adjourn the sentencing. I am sympathetic to Defendant's desire to get this over with, and would welcome any authority either side can provide that that suffices, but otherwise I think we have to adjourn the sentencing.

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

cc: AUSA Emily Deininger (By ECF and Email/PDF)
    AUSA David Felton (By ECF and Email/PDF)

SO ORDERED.

_Cathy Seibel_    9/1/20
CATHY SEIBEL, U.S.D.J.

---

[3] By Standing Order dated March 30, 2020, Chief Judge Colleen McMahon made such finding. See, *In Re: CORONAVIRUS/COVID-19 PANDEMIC*, 20 MC 176 (CM) at 3.